UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02316-MCS-ADS | Date January 20, 2026 |
| Title *Abburi v. Edlow* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: STIPULATION (ECF NO. 13) (JS-6)**

The parties to this mandamus action stipulate to extend Defendant's deadline to respond to the complaint by 90 days, explaining that a response to United States Citizenship and Immigration Services' ("USCIS") request for evidence is due April 3, and "additional time will allow Defendant to review the responsive evidence submitted and take the next adjudicative steps" on the underlying immigration petition and applications. (Stip. 1, ECF No. 13.)

Based on the representations made in the stipulation, the Court on its own motion suspends Defendant's deadline to respond to the complaint and stays the case until April 20, 2026. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being

required to go forward," and (3) "the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268).

Here, the parties' interests and the orderly cause of justice favor a stay. Holding the case in abeyance pending further agency action on the underlying petition and applications may moot the case and save the Court and the parties from expending resources on further litigation.

The action is stayed until April 20, 2026, or until USCIS adjudicates Plaintiffs' petition and applications, whichever is earlier. By April 20, 2026, the parties shall file a joint status report updating the Court with the status of the agency proceedings and addressing whether the stay should be extended. Additionally, the parties shall file a joint status report within seven days of any adjudication of the petition and applications.

The stipulation is denied as moot. The Court directs the Clerk to remove this case from the Court's active caseload until further application by the parties or order of this Court.

**IT IS SO ORDERED.**